**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Teri Hourihan, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Arizona Health Care Cost Containment System, et al.,<br><br>Defendants. | No. CV-26-01815-PHX-DWL<br><br>**ORDER** |

On May 25, 2026, Defendants filed a motion to dismiss (Doc. 14), arguing in part that the Court lacks jurisdiction over counts 6-12 of the complaint. (*Id.* at 6.) After various extensions of the response deadline due to the passing of Plaintiffs' counsel, the parties filed, on September 4, 2026, a stipulation to dismiss counts 6-11 of the complaint (Doc. 23), and on September 9, 2026, Plaintiffs filed a response brief (Doc. 24). Defendants' reply brief is not yet due.

The parties' stipulation does not identify a rule under which the parties may stipulate to the dismissal of certain claims. The stipulation, if granted, would not eliminate any defendant from this action, and therefore Rule 41 is inappropriate in this circumstance—the result the parties desire can be accomplished only via amendment under Rule 15. *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("As its title, 'Dismissal of Actions,' suggests, Rule 41, or at least Rule 41(a), governs dismissals of *entire actions*, not of individual claims. Most contemporary courts, including our own, have declined to read the rule literally as

permitting the dismissal only of an *entire* action against *all* defendants. These same cases, however, have only extended the rule to allow the dismissal of *all* claims against *one* defendant, so that a defendant may be dismissed from the entire action. Nothing in the case law suggests that Rule 41(a) extends to the voluntary withdrawal of individual claims against a defendant remaining in the case. . . . Instead, withdrawals of individual claims against a given defendant are governed by [Rule] 15, which addresses amendments to pleadings. . . .").

"The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive, distinction," such that a court can construe a "stipulated dismissal of a claim as a consensual amendment under Rule 15(a)(2), which allows a party to amend its pleadings with the opposing party's written consent or the court's leave." *Walker v. State*, 158 F.4th 971, 982 (9th Cir. 2025).

Generally, when the parties agree that certain counts of the complaint should be dismissed, it is proper for the plaintiff to file an amended complaint, rather than filing a stipulation of dismissal in the hopes that the stipulation will be construed as a constructive amendment under Rule 15. *See, e.g.*, *Advocs. for Individuals with Disabilities Found. Inc. v. Golden Rule Props. LLC*, 2016 WL 9155727, *1 (D. Ariz. 2016) ("[I]f Plaintiff wishes to dismiss its federal claim, it is obliged to file a separate motion to amend that comports with LRCiv. 15.1."); *Andrews v. Jung*, 2013 WL 4029056, *2 (N.D. Cal. 2013) (stipulation to dismiss claims "was procedurally irregular" and was denied).

Nevertheless, in this circumstance, where the motion to dismiss the complaint was filed many months ago and will soon be fully briefed, it would be inefficient to require Plaintiff to file an amended complaint, which would render the motion to dismiss moot, *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A]n amended complaint supersedes the original, the latter being treated thereafter as non-existent."), and necessitate a fresh round of briefing. Mindful that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties

to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court will construe the parties' stipulation as a constructive amendment with the opposing parties' written consent under Rule 15.

Accordingly,

**IT IS ORDERED** that the parties' stipulation to dismiss counts 6-11 (Doc. 23) is construed as a constructive amendment under Rule 15 and is **granted**.

Dated this 11th day of September, 2026.

Dominic W. Lanza
United States District Judge